

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,579-01

### EX PARTE PABLO LOPEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1115181-A IN THE 177TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to fifty years' imprisonment. The First Court of Appeals affirmed his conviction. *Lopez v. State*, No. 01-08-00302-CR (Tex. App.—Houston [1st Dist.] Oct. 20, 2011) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance during both phases of trial.

After holding a live hearing, the trial court recommended denying relief on Applicant's claims relating to the guilt phase of the trial. The trial court also determined that trial counsel's performance during the punishment phase was deficient because counsel did not object to evidence of an extraneous offense, and that such deficient performance prejudiced Applicant. We agree with the trial court's findings, apart from findings 33, 38, and 44, which we decline to adopt. Relief is granted as to punishment and denied as to the remaining claims of ineffective assistance at the guilt phase. The sentence in Cause No. 1115181 in the 177th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County so that a new punishment hearing may be conducted. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 24, 2015
Do not publish